## Crane Company, Appellant, *v.* Rogers (No. 2).

*Mechanics' liens—Subcontractors — Materials furnished — Date of delivery.*

A mechanic's lien filed by a materialman who had a written contract with the contractor, will be stricken off as insufficient, where the various articles of material furnished and their price are averred but there is no averment as to the dates of the delivery of several specific articles, other than that "claimant first furnished and delivered the said goods and merchandise and materials on December 13, 1910, and last furnished and delivered said goods and materials and merchandise on October 28, 1911, and continuously from time to time between said dates." Burrows v. Carson, 244 Pa. 6, followed.

Argued Dec. 11, 1914. Appeal, No. 240, October T., 1914, by plaintiff, from order of C. P. No. 2, Philadelphia Co., March T., 1912, No. 4249, M. L. D., striking off mechanic's lien in case of Crane Company v. Calvin W. Rogers and David R. Carson, Owners or Reputed Owners, and Alfred S. Powell, Contractor. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Rule to strike off mechanic's lien.

In addition to the facts stated in the opinion of the Superior Court it appeared that the lien contained the following averment: "9. The said Crane Company, claimant, first furnished and delivered the said goods and merchandise and materials on December 13, 1910, and last furnished and delivered said goods and ma-

terials and merchandise on October 28, 1911, and continuously from time to time between said dates to the said three story brick messuage or tenement."

*Error assigned* was order making absolute rule to strike off lien.

*John W. Best,* with him *E. Clark Freeman,* for appellant.—The lien was sufficient: Easton v. Jones, 193 Pa. 147; Bayer v. Reeside, 14 Pa. 167; Rush v. Abel, 90 Pa. 153; Brown v. Kolb, 8 Pa. Superior Ct. 413; McClintock v. Rush, 63 Pa. 203.

The bill of particulars attached to the present lien precludes any suggestion of a lumping charge, so that this case is not governed by the case of McFarland v. Schultz, 168 Pa. 634, or Burrows v. Carson, 244 Pa. 6, which affirms 53 Superior 488, which applies solely to a lumping labor charge.

*Edward Hopkinson, Jr.,* with him *A. S. Ashbridge, Jr.,* and *Abraham M. Beitler,* for appellees.—This case is ruled by Burrows v. Carson, 53 Pa. Superior 488, affirmed, 244 Pa. 6, and by McFarland v. Schultz, 168 Pa. 634.

OPINION BY KEPHART, J., July 21, 1915:

In Crane Co. v. Rogers, et al., (No. 1), in an opinion this day filed, post, p. 305, among other questions discussed was whether the lien was fatally defective because of its failure to set forth the time when the materials were furnished. In that case there was no prior contract between the contractor and subcontractor wherein the materials to be furnished and labor to be done specifically appeared. In the present case we have a contract formed by a proposal and an acceptance in writing, embodying all the items to be furnished each specifically set forth. The itemized statement attached to the lien carefully avers the various articles of material furnished

and their price.    There is a specific averment in the lien
that the first of these items was furnished on December
13, 1910, and the last was furnished October 28, 1911,
and continuously from time to time between those dates.
The question of the validity of the lien rests solely on
the absence of the dates on which the material was fur-
nished; the lien having been filed by a subcontractor
who had a written contract, covering all of the items,
with the original contractor.    The reasons given for ex-
acting particularity as between the subcontractor and
the owner have been frequently stated.    In Chapman v.
Faith, 18 Pa. Superior Ct. 578, this court said: "The
reasons given in the cases for requiring the claim to be
itemized when the claimant is a subcontractor between
whom and the owner no privity exists, are that the agree-
ment between him and the contractor is not the measure
of the owner's responsibility; such a contract is not evi-
dence of the sum which the owner ought to pay, nor of
the amount of the claimant's lien upon the building; of
the nature and amount of his claim, the kind of work
which he has done upon the building, the kind and
amount of the materials which he has furnished, as well
as the time when the credit arose, it is presumable the
owner knows nothing, because they have not dealt with
each other; notwithstanding the subcontract, the owner
is as much interested as he would be, had it not been
made, in knowing the kind of work and materials with
the amount of each which the subcontractor had fur-
nished; for these reasons, it is of the highest importance
that the owner should be informed by the claim filed as
to the particulars of the demand, that he may be enabled
to make the necessary inquiries to satisfy himself of its
justice as a lien upon his property": Shields v. Garrett,
5 W. N. C. 120; Lee v. Burk, 66 Pa. 336; Wharton v.
Real Estate Investment Co., 180 Pa. 168; Burrows v.
Carson, 53 Pa. Superior Ct. 488, affirmed, 244 Pa. 6.

We are asked to distinguish this case from that of
Burrows v. Carson, supra.    The lien was there filed for

work and labor done and materials furnished in finishing and erecting stairs. The subcontract was for nineteen houses. It was in writing, pursuant to a written bid and acceptance by the contractor. The lien filed averred specifically the kind of materials furnished, their price and the "exact date at which each item was furnished." The claim contained an item for the labor which "went into and its results became a constituent part of the building." It was stated as follows: "1911, April 4 to Nov. 20,—137 hours labor at 60 cents per hour, $82.20." This labor was a part of the "finishing and erecting stairs" as contracted for. It did not specifically appear whether that work was done at the shop of the subcontractor, or when the materials appeared upon the ground and were made into the stairs. This item for labor was not itemized with the dates when the work was done, "it did not mention any specific day upon which any work was done." Speaking of this question as to time, Mr. Justice MESTREZAT, in affirming this court, in Burrows v. Carson, supra, says: "The only information as to the time when the labor was furnished is the statement that it was performed between the dates of April 4 and November 20, 1911, that is, some time during a period of over seven months. Such claims have never been held to be sufficient as to the kind of work or the time when it was done, either under the present or prior legislation on the subject. They fail to give the necessary information to the owner to enable him to determine the correctness of the claim for which the contractor is primarily liable. The claimant here is a subcontractor who dealt with the contractor and not with the owner, and the latter is liable for the debt which is that of the contractor only when the claimant complies with the provisions of the statute which gives him the lien. We have uniformly held under a similar statute that claims such as the one here in controversy are defective on their face and will be stricken off. McFarland v. Schultz, 168 Pa. 634, is al-

most identical with the case in hand." If it was essential to the validity of that lien filed under a written contract that the dates when the labor was done on a specific job, with the prices, should be set forth, for the same reason it is equally important to the validity of this lien that the dates when the materials are furnished be not omitted. The averment that the first item was furnished December 13, 1910, and the last October 28, 1911, will not be sufficient. Between these two dates more than one hundred items are listed. The lien states they were continuously furnished or furnished at different times. When were the items just before the last item furnished? We cannot say that all but the last item were furnished on the first date given. The lien expressly states otherwise but even if this be true, that certainly would not be such continuous furnishing under a written contract to swing the lien within the time required by the statute. Here again enters the character of the work to be done. What we said on this subject in Pierce v. Rodgers; Crane v. Rodgers No. 1, and Brant v. Hartrick in opinions this day handed down is applicable here. We are unable to distinguish Burrows v. Carson from this case in this respect. We cannot localize this feature of that opinion into a ruling that it applied to labor only. Had it been a contract for labor, this argument might have some force. It was a contract for labor and materials going into and forming a finished stairs. The argument that the owner has no more information as to the justness of his claim even if the dates had been set forth when the material was supplied, does not meet the objection raised by Mr. Justice MESTREZAT that the owner "is liable for the debt only when the claimant complies with the provisions of the statute which gives him the lien."

The Act of 1905 specifies "the time when the materials were furnished." It may be these dates are of no importance in arriving at the justness of his claim, but these liens are of statutory origin for the benefit of a special class of creditors, and parties seeking to avail

themselves of this remedy must strictly comply with the act. The additional argument that the subcontractor, in dealing with a building contract of this nature, does not usually keep the dates of furnishing when he works under such contract, but an account showing just what articles were furnished in accordance with the contract until he completes his undertaking, and that the requirement as to dates imposes an undue burden on the subcontractor, cannot be considered. Whatever merit there may be in this contention, the question was settled in Burrows v. Carson, supra. The importance of dates to an owner investigating the correctness of a bill is material. A great deal of this work is concealed and the truthfulness of the bill of particulars could be inquired into only by knowing the time they were furnished, that the owner might on investigation, through those who worked there at the time, determined in some degree their correctness. The dates of furnishing are also very important to show whether it has been continuous, although the written contract and character of work would to some extent control this question.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.

