## Brant, Appellant, *v.* Hartrick (No. 1).

*Mechanic's lien—Subcontractor—Labor and materials—Lumping charge.*

A mechanic's lien filed by a subcontractor for materials and labor, and apportioned among three buildings, which lumps a charge for labor as follows: "1911, Dec. 8, Excavating from Nov. 16 to Dec. 8, 17 days at 5.50—93.50," is fatally defective as to such item.

Such a lien is also fatally defective as to the material where it appears that the last item was furnished to the houses more than six months before the lien was filed, although there was another item furnished within the six months, but without anything to show that the material covered by it entered into any of the buildings.

Argued April 21, 1915.   Appeal, No. 58, April T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1913, Docket "D" for defendant non obstante veredicto in case of William H. Brant v. J. Albert Hartrick and Lillian Brant Hartrick, Owners or Reputed Owners, and T. O. Reese & Brother, Contractors, Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Scire facias sur mechanic's lien.    Before REID, J.

The opinion of the Superior Court states the case.

At the trial the jury returned a verdict for plaintiff for $19.98.    Subsequently the court entered judgment for defendants n. o. v.

*Error assigned* was in entering judgment for defendants n. o. v.

· *A. S. Moorhead,* of *Dunn & Moorhead,* for appellant, cited: Mill Co. v. Greenawalt, 11 Pa. Superior Ct. 157; Burrows v. Carson, 244 Pa. 6; Sumption v. Rogers, 242 Pa. 348; Todd v. Gernert, 223 Pa. 103; Gordon v. Norton, 186 Pa. 168.

*Hermann L. Grote,* with him *Frederick C. Grote,* for appellee, cited: McFarland v. Schultz, 168 Pa. 634; Chapman v. Faith, 18 Pa. Superior Ct. 578; Breitweisser Lumber Co. v. Wyss-Thalman, 51 Pa. Superior Ct. 83; Crane Co. v. Rogers, 23 D. R. 583; Burrows v. Carson, 244 Pa. 6; Wilson v. Forder, 30 Pa. 129; Schively v. Radell, 227 Pa. 434; Ippolito v. Davidson, 23 D. R. 75; Page v. Carr, 232 Pa. 371; Miller v. Heath, 22 Pa. Superior Ct. 313; Fahnestock v. Speer, 92 Pa. 148; Shields v. Garrett, 5 W. N. C. 120.

OPINION BY HENDERSON, J., July 21, 1915:

The plaintiff filed separate liens against three buildings erected by the appellees on a piece of land containing about seven acres for materials furnished and labor performed in and about the construction of the buildings.    The whole amount of the claim is $152.40 and this was apportioned among the buildings under the provisions of Section 12 of the Act of 1901, P. L. 437.    The amount charged in this case as determined by that apportionment is $18.00.    The lien recites that "said materials and labor were furnished in and about the erection of said buildings at the verbal orders and requests

of the said T. O. Reese & Brother, the contractor there-
for, at various dates from November 16, 1911, to May
20, 1912; said materials being nails, paper, hinges,
hasps, locks, door-hangers, track, brackets, brads, paint,
felt, eye-beams, weights, sash-cord, etc.; said labor being
excavating." The principal item in the claim is thus
stated in the copy of the account attached to the lien:
"1911, Dec. 8, Excavating from Nov. 16th to Dec. 8th,
17 days at 5.50—93.50." The other items of the account
are small, running through a period of more than four
months, the last being May 20th, "15 lbs. nails—15."
The last item preceding that is "May 1st, 1 keg 8d nails
—2.05." The lien was filed November 19, 1912. The
buildings erected were a dwelling house, a barn and a
cottage or tenant house. Two considerations induced
the action of the court in entering judgment n. o. v. for
the defendant: (1) that the buildings against which the
liens were filed were not adjoining buildings and, there-
fore, not subject to separate liens with the amount due
determined by apportionment, and (2) that the account
for $93.50 for excavating was a lumping charge. We do
not consider it necessary to enter into a discussion of the
question whether the property was chargeable with sep-
arate liens as claimed by the plaintiff, for the action of
the court may be sustained on other grounds. Under
the authority of McFarland v. Schultz, 168 Pa. 634, the
court properly held that the account for excavating was
a lumping charge. In that case the claim was for
$158.60 against the buildings described in the lien for
grading and digging lots and carting away dirt from
the same between August 29, 1892, and October 22,
1892. This statement of claim was held to be clearly de-
fective because it did not adequately set forth the nature
and kind of the work done nor when it was done. The
claimant was a subcontractor and bound to strict com-
pliance with the statute on which he relied for his lien.
Such a defect is not formal merely but is substantial
and cannot be cured by proof. Burrows v. Carson, 244

Pa. 6, is another case bearing upon the same question. There the account was "1911, April 4th to Nov. 20th, 137 hours' labor at 60c per hour—$82.20." This was held to be a lumping charge and was struck out of the claim. The plaintiff's is an account due from the contractor. The work alleged to be done was in part on each of the three buildings. Nothing in the lien gives information to the owner as to the amount of work done on each building. There would seem to be no difficulty in ascertaining just what was chargeable for the excavation in each case and the owner was entitled to notice of the amount of work and the time when it was done applicable to each of the buildings which the plaintiff seeks to charge with the debt. With this item out of the account there is no basis on which to support the remainder of the claim. Neither in the lien nor in the testimony is there anything to show how much of this lump sum was included in the lien against any one of the buildings. No basis of apportionment was exhibited and no evidence on which anyone could arrive at a determination of the material furnished to any one of the buildings. It is not asserted that the plaintiff had a special contract to furnish the material and labor for which the claim was filed. On the contrary, it is stated in the lien that they were furnished at the verbal orders and requests of the contractors at various dates. This means that from time to time the contractors bought from the plaintiff material of the kinds described for use in these buildings and it appears that the work of excavating was charged for on a quantum meruit. There is another insurmountable objection to the plaintiff's right to recover. The bill of particulars attached to the lien filed against each of the buildings covers the whole account against all of the buildings, and no specification is made either in the lien or the bill of particulars when the first or last item was furnished to any one of the buildings. A separate claim is filed against each building and it must be self-supporting. They were not all completed

on the same day. There was a time after which the right of lien of a subcontractor ceased as to each of the build-ings and the owner was entitled to notice of the ·time when material which was not furnished under a general contract was last furnished for each of the buildings charged with the lien. The. whole of the work was com-pleted and the material furnished on or before May 1, 1912, with the exception of fifteen cents' worth of nails furnished on May 20th. There is no evidence to show that the material contained in that item went into any one of these buildings and the liens cannot be sustained unless that is made to appear for they were filed more than six months after the last item charged against any one of the buildings. The attempt here is to attach the whole account to the three buildings by the belated item of fifteen cents for nails without proof that they were used in any one of the buildings. It is an admission in the plaintiff's replication that the last materials sup-plied to the cottage was on April 11, 1912, and for the residence on May 1, 1912. The lien not having been filed until more than six months after the latter date it is ·now attempted to give vitality to the liens against them by showing a delivery of the nails on May 20th to be used on the barn. We think it clear that this cannot be done.

The judgment is affirmed.