on the same day. There was a time after which the right of lien of a subcontractor ceased as to each of the build-ings and the owner was entitled to notice of the ·time when material which was not furnished under a general contract was last furnished for each of the buildings charged with the lien. The. whole of the work was com-pleted and the material furnished on or before May 1, 1912, with the exception of fifteen cents' worth of nails furnished on May 20th. There is no evidence to show that the material contained in that item went into any one of these buildings and the liens cannot be sustained unless that is made to appear for they were filed more than six months after the last item charged against any one of the buildings. The attempt here is to attach the whole account to the three buildings by the belated item of fifteen cents for nails without proof that they were used in any one of the buildings. It is an admission in the plaintiff's replication that the last materials sup-plied to the cottage was on April 11, 1912, and for the residence on May 1, 1912. The lien not having been filed until more than six months after the latter date it is ·now attempted to give vitality to the liens against them by showing a delivery of the nails on May 20th to be used on the barn. We think it clear that this cannot be done.

The judgment is affirmed.

---

## Brant, Appellant, *v.* Hartrick (No. 2).

OPINION BY HENDERSON, J., July 21, 1915:

This appeal arises out of the state of facts considered in the case between the same parties at No. 58, April Term, 1915, and involves the validity of a lien on the same account. The appellant seeks by apportionment to charge each of three buildings of the appellees with a part of the whole account for labor and material fur-

nished to three buildings. The court below entered judgment n. o. v. for the defendant and we affirm that judgment for the reasons given in the opinion now filed: 60 Pa. Superior Ct. 507.

---

## Brant, Appellant, *v.* Hartrick (No. 3).

OPINION BY HENDERSON, J., July 21, 1915:

This appeal arises out of the state of facts considered in the case between the same parties at No. 58, April Term, 1915, and involves the validity of a lien on the same account. The appellant seeks by apportionment to charge each of three buildings of the appellees with a part of the whole account for labor and material furnished to the three buildings. The court below entered judgment n. o. v. for the defendant and we affirm that judgment for the reasons given in the opinion now filed: 60 Pa. Superior Ct. 507.

---

## Commonwealth *v.* Coleman, Appellant.

*Criminal law—Obtaining property by false pretenses—Act of March 31, 1860, Sec. 111, P. L. 410—Indictment—Variance.*

An indictment for obtaining a promissory note by false pretenses sufficiently charges a misdemeanor, if it avers that the defendant conceived the design of cheating and defrauding the firm of which the prosecutor was a member; that in pursuance of such unlawful intent the defendant falsely and fraudulently represented the existence of certain facts, and that "by color and means of said false pretense and pretenses" the said defendant obtained from the firm of the prosecutor a promissory note "for the sum and of the value of five hundred and fifty-seven dollars and fifteen cents made by Young & Schmitt to the order of the Interstate Lumber Company, being then and there the property of the said Young & Schmitt, with intent to cheat and defraud, etc."

Where a magistrate in drafting an information inadvertently