## Frey v. Snyder.

*Mechanics' liens — Sub-contractor — Nature of work done and materials furnished and time when done or furnished—Lumping charge.*

On a written contract by a sub-contractor with a contractor for a lump sum, the sub-contractor in a mechanic's lien attached an exhibit entitled, "Itemized statement of rough plumbing installed at . . . between September 6, 1923, and September 14, 1923." Then follow forty-four separate items. Of these, forty state the quantity and kind of pipes, ells, plugs, lead, nipples, etc., without stating the specific dates when they were installed or the prices charged therefor. A typical item is: "85 feet 4 inch X H Soil Pipe." One item is for "Carfare, $6.92," and three items are for labor, of which the following is typical: "Hess, plumber, 46¼ hours." *Held*, that the lien set forth with sufficient detail the nature or kind of work done and the kind and amount of materials furnished and the time when materials were furnished and the work done, and that it was not open to the objection of being a lumping charge.

Motion to strike off lien. C. P. Lehigh Co., Oct. T., 1923, No. 44, M. L. D.

*William H. Schneller*, for claimants.

*O. W. Frey* and *A. H. Jones*, for defendants.

RENO, P. J., Dec. 8, 1924.—Claimants entered into a written contract with the contractor to furnish and install plumbing fixtures in the owners' dwelling for $406.35. The contract specifies the kind, number and quality of the several fixtures to be installed in the house itself, as well as the connections to be made from them to the main pipes at the curb-line. After performing a part of the work required by the terms of the contract, that is, after installing what is called the "rough plumbing," the claimants ceased work, alleging that the contractor had not made the payments called for by the contract. (It should be here stated that a time for payment does not appear in the contract.) Because of this cessation of work, claimants were not obliged to install certain fixtures called for by the contract. These fixtures, claimants aver, were worth $116. Accordingly, from the total amount of the contract ($406.35) there is deducted the value of the fixtures not furnished ($116), and the resultant ($290.35) is said to be the cost of the "rough plumbing" furnished for which the lien is filed. A credit of $150, representing a payment made by the contractor, is allowed and the net amount for which the lien is filed is $140.35. The sum of $290.35 must be taken to represent either labor or material, or both, actually furnished to owners' building, and if the claim sets forth "the nature or kind of work done or the kind and amount of materials furnished, or both, and the time when the materials were furnished or the work done, or both, as the case may be" (Act of April 17, 1905, § 1, P. L. 172), the lien is sustainable.

To support the lien, claimants have attached an exhibit entitled "itemized statement of rough plumbing installed at . . . between Sept. 6, 1923, and Sept. 14, 1923." Then follow forty-four separate items. Of these, forty state the quantity and kind of pipes, ells, plugs, lead, nipples, etc., but not stating the specific dates when they were installed nor the prices charged therefor. A typical item is: "85 feet, 4 inch X H Soil Pipe." One item is for "Carfare, $6.92," and three items are for labor, of which the following is typical: "Hess, plumber, 46¼ hours."

This statement, the owners contend in support of their motion to strike off the lien, constitutes a lumping charge, and rely upon Burrows v. Carson, 244 Pa. 6. In that case, a sub-contractor for furnishing and erecting stairs in a dwelling-house averred that labor and material were furnished "between the dates of April 4, 1911, and Nov. 20, 1911," and supported this by an itemized

statement showing the specific dates on which each item of material was installed, its nature and quantity and the price for each. He also claimed for labor, and this was set forth in one item as follows: "1911, April 4, to Nov. 20, 137 hours' labor at 60 cents per hour, $82.20." The claim also averred that "the work was done and the materials furnished under a contract consisting of a written bid submitted by claimant to contractor to furnish and erect the stairs in sixteen houses according to three sets of plans, designated as Nos. 1, 2 and 3, and the stairs in three single houses according to another set of plans, or nineteen houses in all, for the sum of $3750, and that the said bid was accepted by the contractor." It did not appear that work had been done upon the other houses, and since the amount was greater than one-nineteenth of $3750, it could not be considered as an apportioned claim. No objection was made to the items for materials, but it was contended that the labor item was defective. The owner's motion to strike out this item was overruled below. Upon appeal to the Superior Court, the judgment was reversed. (See 53 Pa. Superior Ct. 488.) Referring to this item, Judge Porter, speaking for the Superior Court, said: "This plaintiff was a subcontractor, as disclosed by his claim; he contracted, not with the owner, but with Rogers, the contractor. When, therefore, he filed his claim for work done upon this building, he was required to disclose the nature or kind of that work and when it was done. The claim states that the first materials were furnished on April 4th and the last item of materials was on Oct. 17th, and, as to the material, the exact date at which each item was furnished is stated in the claim. Now, stating when the work was done, it is said that it began on April 4th, the day when the first materials were furnished, and it was not completed until Nov. 20th, more than a month after the last materials were furnished. This covered a period of seven months and a-half, and yet the work was done in 137 hours of actual time. This would give less than an hour of time for each working day, and it is manifest that the work was not continuous. No one man was employed in this work from April 4th to Nov. 20th, nor any considerable portion of that time. This claim simply indicates that 137 hours of work were put upon the building, or in the preparation of materials to go into the building, sometime between April 4th and Nov. 20, 1911, but it absolutely fails to sufficiently indicate at what time during that period the work was done. The claim also fails to indicate the nature of the work, whether it was done in preparation of the materials at the shop of the plaintiff, or in incorporating them into the building, by carpenters, cabinet-makers, assistants or laborers. The objection of the appellant is that this is a lumping charge, and the objection seems to be well taken: Chapman v. Faith, 18 Pa. Superior Ct. 578. If this item of the claim be sustained, it extended the time within which the plaintiff might have filed his lien by more than a month, for the limit claimed for the work was Nov. 20th, yet the claim does not mention a specific day upon which any work was done. This case bears a striking similarity to McFarland v. Schultz, 168 Pa. 634, the claim in which was for work and labor done, to wit, 'grading and digging lots and carting away dirt from the same. . . . The said work and labor having been done and performed for and about the erection and construction of the said building between Aug. 29, 1892, and Oct. 22, 1892.' The Supreme Court said in that case with regard to this statement of the claim: 'It did not adequately set forth the nature and kind of the work done nor when it was done. The claimant was a sub-contractor and bound to strict compliance with the provisions of the statute on which he relied for his lien.' The statement in that case was that the work had been done between certain dates, and it was held

that this was not a sufficient statement of when it was done. The statement in the present case is that the work was done between certain dates, and we have here the additional element that it appears from the face of the claim that the labor was not continuous."

Upon appeal to the Supreme Court, the judgment of the Superior Court was affirmed, and from the opinion there rendered we extract the following: "The claim as filed shows that the material and labor 'substantially consisted of furnishing and erecting stairs in said house,' and that they 'were furnished between the dates of April 4, 1911, and Nov. 20, 1911.' This was not a compliance with the statutory requirement as to the nature or kind of work or when it was done. The items of materials and the dates when they were furnished are stated in the claim, but, as suggested by the Superior Court, it fails to show the nature of the work, whether it was done in preparation of the materials at the shop of the plaintiff, or in incorporating them into the building by carpenters, cabinet-makers, assistants or laborers. The only information as to the time when the labor was furnished is the statement that it was performed between the dates of April 4th and Nov. 20, 1911; that is, sometime during a period of seven months. Such claims have never been held to be sufficient as to the kind of work or the time when it was done, either under the present or prior legislation on the subject. They fail to give the necessary information to the owner to enable him to determine the correctness of the claim for which the contractor is primarily liable. The claimant here is a sub-contractor, who dealt with the contractor and not with the owner, and the latter is liable for the debt which is that of the contractor only when claimant complies with the provisions of the statute which gives him the lien."

On the other hand, the claimant relies upon Bennett L. & M. Co. v. Hartrick, 61 Pa. Superior Ct. 456. In that case a sub-contractor furnished lumber and millwork under a contract consisting of "the oral acceptance on or about Dec. 19, 1911, by T. O. Reese, of a written bid made by claimant to furnish certain lumber and millwork for said building for $900." It is also alleged that "of said lumber and millwork so agreed to be furnished there was furnished between the dates of Dec. 19, 1911, and April 23, 1912, the following," and here follow ten items of frames and doors, valued at $247, but without statement as to when the several items were installed in the structure. The claim is for materials only; there is no charge for labor; apart from this, the lien bears a striking resemblance to the one in the instant case. Noticing the objection that the claim is a lumping charge, the Superior Court says: "It is further objected that the lien is a lumping charge, in that the price in each item of materials is not given. The 11th section of the Act of June 4, 1901, P. L. 431, as amended by the Act of April 17, 1905, P. L. 172, directs what shall be set forth in a claim of this character. The second paragraph of the section requires a statement of 'the amount or sum claimed to be due and the nature or kind of the work done or the kind and amount of materials furnished, or both.' This provision calls for a statement of the amount claimed to be due and of the kind and amount of materials furnished, but there is no statutory requirement calling for a statement of the price of each article. The object of such information is to give the owner the necessary knowledge to enable him to determine the correctness of the claim, and where the information contained in the lien is sufficient, on inquiry, to give him such knowledge, it is all that the law requires. 'All the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears on the face of the statement to point the way to successful inquiry:' Ameri-

can Car and Foundry Co. v. Alexandria Water Co., 215 Pa. 520. The plaintiff's claim was for ten items, consisting of window and door frames and a specified quantity of cornice. They were placed in the building; they were open to the inspection of the owners, and from such inspection or further inquiry the fairness of the price charged could easily be ascertained. We are unable to see that the appellants were in any way prejudiced by the failure of the claimant to set forth the price of each frame, and as there was no statutory obligation resting on the plaintiff to specify the price of each article, where the whole was furnished under a lump contract, we think the claim is not objectionable on this ground. In Willson v. Canevin, 226 Pa. 362, a much larger claim of a similar character was the subject of controversy. In that case the court said: 'The statement gives the owners a detailed account of the various items of materials furnished, the total of the price to be paid and the kind of materials furnished. This is all the information he needs to enable him to deal intelligently with the contractor and protect himself. . . . While the price agreed to be paid was a lump sum, the various items of the materials furnished are specifically set forth in the statement. This differentiates it from the case where the items and character of the material are not given and the price is a lump sum.' Compliance with the terms of the statute is necessary, but the remedy is not to be nullified by the imposition of conditions not demanded by the legislation and which make the benefits intended to be secured difficult of attainment."

This decision sustains the lien, although the dates when the several items were furnishred does not appear. The Superior Court does not refer to this factor in its opinion, but the subject had the attention of the court. For it was upon this ground that Judge Kephart filed a vigorous dissent, in which, after reviewing a number of authorities, including Burrows v. Carson, 244 Pa. 6, he contends that the lien was defective because the dates upon which the several items were furnished did not appear.

Upon first blush, these two cases appear to be in conflict. That is, under the Burrows case, a charge for labor furnished between certain dates is not sustainable, while in the Bennett case a charge for materials furnished between certain dates is sustainable. Ordinarily, a conflict of decisions between our appellate courts involves no difficulty; that of the Supreme Court is authoritative. But the question cannot be solved in that manner, for the Supreme Court has cited the Bennett case with approval: Ott v. Du Plan Silk Corporation, 271 Pa. 322, 327. Moreover, in the last cited case the Supreme Court has distinguished the Burrows case. In the Ott case, from the meagre report of the facts, it appears that a sub-contractor for excavating filed a claim which set forth the number of cubic yards removed, the price charged per unit and the total amount due on account thereof. It does not appear that the dates upon which the work was done were set forth, except the date of completion. It does not appear that objection was made to the fact that no dates were stated, but objection was made to the lien as a lumping charge, and concerning this the court said: "This case is to be distinguished from those in which liens have been held defective in charging a lump sum against several properties without setting forth the nature and amount of the work done on each: McFarland v. Schultz, 168 Pa. 634; Brant v. Hartrick, 60 Pa. Superior Ct. 507; or where, as in Burrows v. Carson, 244 Pa. 6, the claim was for labor, covering a considerable period, in building stairs for a house, no indication being given as to whether it was performed 'in preparation of materials used in the house, at the shop of plaintiff, or in incorporating them into the building by carpenters, cabinet-makers, assist-

ants or laborers;' or where a lump sum is charged for some general class of materials, made up of many different items, as 'lumber furnished,' not stating the kinds supplied, without which the owner would have no fair opportunity for investigation: Benton v. Berg Distilling Co., 63 Pa. Superior Ct. 412; Breitweiser v. Wyss-Thalman, 51 Pa. Superior Ct. 83. We are of the opinion these decisions are not controlling of the case at bar."

The problem is still further complicated by the circumstance that the Superior Court has distinguished its Bennett case. In Barker Painting Co. v. General Carbonic Co., 78 Pa. Superior Ct. 493, a sub-contractor submitted to the contractor a written estimate for painting and glazing the structure, which estimate the contractor accepted verbally. To fulfill the contract, the claimant furnished: "Two painters at different times from Feb. 5, 1920, to June 11, 1920, each of whom worked ten days; three painters at different times from Feb. 5th to June 11, 1920, each of whom worked five days; four painters from Feb. 5, 1920, to June 11, 1920, each of whom worked four days." The materials furnished were itemized, but "no dates are given showing when the various materials were furnished, except the time of beginning and ending the work." The lien was condemned, and toward the end of the opinion (page 496) it is said that: "In Bennett L. & M. Co. v. Hartrick, 61 Pa. Superior Ct. 456, 469, there was a written contract for the material to be furnished for a lump sum. It was there held that the statement of claim was sufficient. It would have been otherwise, however, if the claim had been based on an account for the market value of the material."

Probably, the last case furnishes the solution of the problem; for, in addition to what has already been stated, the Superior Court said: "A careful reading of the lien gives the impression that the claimant intended that he made an estimate of what the work would cost, that the contractor authorized him to proceed with the undertaking and that the contractor charged, not a lump sum on the contract, but what the labor and material were worth. If this is the correct view of the claim, the appellant's account is for the actual value of the labor and material, in which case, as a sub-contractor, it was his duty to set forth the dates and amounts of the materials and the labor performed in the execution of the work. . . . In the absence of an express contract calling for a lump sum, the claim of a sub-contractor should set forth the dates when the material was furnished or the work done, in order that the owner may have information as to the character and integrity of the account."

In short, without a further attempt to reconcile whatever differences may appear in the cases under discussion and others that might be mentioned in this connection, it appears that the true rule is this: That when a sub-contractor claims upon a contract which specifies a lump sum for the work and materials, his lien will be sustained, even though it does not itemize the materials and labor furnished and does not state the specific dates when they were furnished, if it fairly apprises the owner of sufficient facts "to point the way to successful inquiry:" American Car and Foundry Co. v. Alexandria Water Co., 215 Pa. 520. On the other hand, if the sub-contractor claims the market value of the labor and materials, as in the Barker case, or upon a contract which calls for work on several structures and there is no apportionment of the claims, as in the Burrows case, or if, as in the same case, a claim for labor covers a considerable period and does not indicate whether it was performed in preparing the materials or in incorporating them into the structure or is otherwise insufficient "to point the way to successful inquiry," he is obliged to set forth the dates when the labor and materials were furnished. And the fact that the work called for by the contract was not entirely

Frey v. Snyder.

completed by the sub-contractor does not prevent him from treating his claim as upon a lump sum contract; he may still file his claim for labor and materials without specifying the dates when they were furnished: Bennett L. & M. Co. v. Hartrick, 61 Pa. Superior Ct. 456.

Applying these principles to the instant case, it is apparent that the claim is not subject to objection. Claimants stand upon a written contract for the furnishing of labor and material for one house for a lump sum price. They state the labor and materials which they furnished and the value of them, and show how they arrived at that value, i. e., by deducting from the total lump sum price the value of the articles they were not obliged to furnish. They do not state the dates upon which the items were furnished, but this, as we have seen, is unnecessary. Nor can we see how they could have done better. They state that the work was done between "Sept. 6, 1923, and Sept. 14, 1923"—a period of seven working days. The labor items, therefore, do not extend over a long period, as in the Burrows case, and, adopting the reasoning of the Superior Court in that case (page 495), the items show that the work was fairly continuous and that each workman expended about seven and a-half hours daily of labor on the work. Nor do we think that claimant could more accurately specify the dates upon which each item of material was installed. How could he tell when the eighty-five feet of pipe were installed? Perhaps some of it was laid on Sept. 6th and part of it on the 9th. However, further discussion is unnecessary, in view of the conclusion we have reached. The claim contains sufficient information to enable the owners to determine the correctness of the claim.

This conclusion applies as well to the sub-contractor's notice of his intention to file a lien.

Now, Dec. 8, 1924, the motion to strike off is overruled and discharged.

From Edwin L. Kohler, Allentown, Pa.