## Hamilton *v.* Means et al., Appellants.

246

Argued April 20, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY and RENO, JJ. (JAMES, J., absent).

*Carroll Caruthers*, with him *Harry W. Crum*, for appellants.

*Donald Laird Hankey*, for appellee.

OPINION BY KELLER, P. J., July 15, 1944:

We shall not discuss all the reasons advanced by the appellants, the owners of the liened property, in their

petition to strike off the mechanic's lien filed by the appellee. ·The following are sufficient to require the lien to be stricken off.

(1) The Mechanic's Lien Act of June 4, 1901, P. L. 431, uses certain technical words, which are defined in the Act and used therein in the sense of those definitions. One of the words so defined is 'contractor'. A claimant in filing his claim may use either the word so defined, or the meaning or definition ascribed to it. Thus the claim, if filed by a sub-contractor, must state that A. B. was the *'contractor'*, or it may state that A. B. was the person, who by contract or agreement with the owner, was building or erecting the structure or building for the owner. It is of no importance with whom the claimant made his contract to furnish materials or perform labor, if that person was not the contractor, as defined in the Act. A sub-contractor of a subcontractor—as distinguished from the contractor—is given no right of lien. This claim did not set forth, in either caption or body of the claim, that Albert Guiney was the 'contractor'. All it said was: "3. The name of the party *with whom the plaintiff contracted* is Albert Guiney." That is not sufficient. It is wholly unimportant with whom the plaintiff contracted, unless that person was the 'contractor', as defined in the Act, viz., the person who *by contract or agreement with the owner,* built or superintended the structure or improvement, or otherwise came within the term 'contractor', as defined in the Act. The Act of April 17, 1905, P. L. 172, requires the claim to set forth the name of the "contractor, architect or builder."

This was amendable, but it was not amended in this respect, nor was any move or motion made to amend the claim so as to bring it within the Act. Unless Guiney was the 'contractor' with the owners, the claim is not a valid lien.

(2) In paragraph 6, the claimant (see sec. 1 of the

248

Act—49 PS §5)—here improperly called the plaintiff—averred that pursuant to an oral order given by Albert Guiney to him on March 28, 1942, he did deliver to the building thereinafter described "the material described and furnished the labor, as set forth in Exhibit 'A' hereto attached, said Exhibit 'A' consisting of true and correct copies of plaintiff's books of original entry showing the kind and amount of materials so ordered from the plaintiff and the labor performed by the plaintiff in plastering the said house hereinafter described, prices charged being just and reasonable and the market price prevailing for such material on the date upon which said oral order for same was given."

The seventh, eighth, ninth and tenth paragraphs averred, respectively, that the material ordered by Albert Guiney from the claimant and delivered by him to the said building and the plastering work ordered by Guiney from the claimant and performed by him in and about said house were as described and set forth in said Exhibit 'A', and that they were used and performed respectively in the erection and construction of said building and were furnished upon the credit and faith of said building.

Exhibit 'A' attached to the claim was as follows:

"4 Tons Sand ........................... $10.40
24 Bags Plaster ....................... 21.40
16 Pieces Beads ....................... 7.40
22 Bags Lime .......................... 13.20
6 Bags White Sand 45 .................. 2.40
10 Lbs. Yellow Color 723 .............. 2.00
2 Plasterers' Labor—2 days each ....... 40.00
Contractor ............................ 52.05
1 Laborer—2 Days ...................... 12.00
Lathing ............................... 23.75
Placing Corner Beads .................. 7.40
2 Bags Gaging Plaster ................. 2.00
1 Bag Keen Cement ..................... 3.00

Scaffold Hauling ...................... 3.00

Total ......................... $200.00"

It will be noted that the exhibit, although alleged to consist of true and correct copies of claimant's books of original entry, did not contain a single date, and that it had in it items such as "Contractor, $52.05", "Lathing, $23.75", "Placing corner beads, $7.40", which were of a lumping nature. It does not state the days when the respective materials were delivered, or on which the plasterers or laborer worked. In short, it shows on its face that it is not a copy of a book of original entries within the legal meaning of that term, such as could be admitted on the trial without other proof of the sale and delivery of materials or the performance of labor. It would be subject to amendment, but the claimant in his answer frankly admits that he cannot furnish any better itemization of the dates when the material was furnished and the labor performed. If he cannot, he cannot recover, for it does not aver with sufficient precision and detail the necessary facts: *Crane Co. v. Rogers*, 60 Pa. Superior Ct. 300, 305; *Burrows v. Carson*, 53 Pa. Superior Ct. 488, affirmed 244 Pa. 6, 90 A. 549; *Brant v. Hartrick*, 60 Pa. Superior Ct. 507.

(3) Paragraph 11 states that the said material was delivered and the plastering work performed by the claimant in and about said building "between the 28th day of March 1942 and the 28th day of May 1942."

As the claim was filed in the prothonotary's office on December 15, 1942, it is apparent on the face of the claim that it was not filed within six months after his contract or agreement was completed. See sec. 10 of Act of June 4, 1901, P. L. 431.

Paragraph 4 states generally that delivery of the materials claimed for had "been made within six months last past"; but general averments of that kind must give way to particular averments in the claim. It does not appear *when the claim was prepared*, that is, the

date from which "six months last past" were computed. It may have been done before November 28, 1942. It was sworn to on December 7, 1942, but was not filed until December 15, 1942.

If it was a clerical error, it could be corrected; but the claimant, in his answer, did not definitely aver that it was a clerical error, and did not offer to amend by averring that material was furnished to the building or labor was performed on the building, by him, as late as June 15, 1942.

If it was not a clerical error and could not be so amended, there can be no recovery.

Since the Act of April 17, 1905, P. L. 172, the claim of a sub-contractor does not have to set forth when and how notice was given to the owner of his intention to file the claim, pursuant to the requirement of section 8 of the Act of 1901, P. L. 431, as amended by Act of March 24, 1909, P. L. 65.

All of the defective matters above set forth appear on the face of the claim, hence they may be assigned as grounds for striking off the claim.

It is true that they are of such a nature as to be subject to amendment, under section 51 of the Act of 1901, supra. But they have not been amended, nor was any application made by the claimant to remedy the defects by amendment.

It is also true that the defects above mentioned could be raised by way of defense to a writ of scire facias on the claim. But an owner is not obliged to defend a scire facias, prepare an affidavit of defense and go to trial unless the claimant presents a claim, which, on its face, including amendments, makes out a prima facie case for recovery.

With the defects above referred to appearing on the face of the claim, and not cured by amendment, there can be no recovery.

The order is reversed and the claim and the lien entered thereunder are striken off. Costs to be paid by appellee.