## William E. Rossi Construction Company v. Bylawckas et ux.

*Maurice J. Friedman*, for plaintiff.
*Emanuel Romm*, for defendants.

MACNEILLE, P. J., October 2, 1951.—We have before us for disposition objections raised by demurrer to a scire facias sur mechanic's lien. Plaintiff, a subcontractor, filed his lien against certain real estate belonging to defendants. A writ of scire facias was issued and service was accepted on behalf of defendants.

Preliminarily we will consider plaintiff's contention that the demurrer is an improper pleading.

In Ridpath & Potter Co. v. Edwards, 4 Chester 146 (1949), the court expressed doubt that since the passage of the Act of May 22, 1933, P. L. 845, 49 PS §§162-170, a demurrer is a proper pleading in an action of scire facias sur mechanic's lien. We think a demurrer is a proper pleading in this case.

In Favo v. Merlot et al., 94 Pa. Superior Ct. 90 (1928), the Supreme Court specifically held that the procedure for determining the validity of a lien by a petition to strike off the lien is not exclusive and that a demurrer will lie. Defendant apparently contends that the express provision of the Act of 1933, supra, providing that "defendant may, after ruling plaintiff to file replication, whether replication is filed or not, move for judgment on the whole record" is indicative of a legislative intention to exclude the use of a demurrer. The Act of 1933 makes no reference to the method of attacking the sufficiency of plaintiff's affidavit in support of his sci. fa., which is the phase of the pleading at which we are, and we think the prior procedure continues in force, i. e., by petition to strike off the lien or demurrer. The legislature could not have intended to exclude a demurrer as an alternative to the motion for judgment on the whole record because a demurrer would in no event be a proper pleading at such phase of the pleadings insofar as it functions as an admission of the facts well pleaded in the opponent's prior pleading. A demurrer is not an alternative pleading to a motion for judgment on the whole record, therefore it was not excluded by the provision for the latter pleading. Insofar as Chappel v. Bailey, 72 Pitts. L. J. 864 (1923), was authority for the proposition that a demurrer was not a permissible pleading in a scire facias sur mechanic's lien, it was overruled by Favo v. Merlot et al., supra. See Fahnestock v. Speer, 92 Pa. 146 (1879).

Plaintiff's mechanic's lien claim (which is incorporated by reference into the writ of scire facias by section 1 of the Act of 1933, supra (49 PS §162), sets forth that the sum claimed is $650; that "the nature and character of the materials supplied and labor furnished were cinder block foundations, concrete and concrete footing and the work and materials furnished commenced immediately after the execution of the said contract, and in accordance with the written contract the lien is against the fee and is claimed from the 10th day of July 1950 upon which date the work visibly commenced upon the ground hereinafter more particularly described"; that materials were last delivered and labor furnished on October 28, 1950, when the work was completed. Such a specification is clearly inadequate and the claim is fatally defective. A subcontractor must specify the items for labor and materials and the dates when furnished: Burrows v. Carson, 244 Pa. 6; McFarland v. Schultz et al., 168 Pa. 634; Crane Company v. Rogers (No. 2), 60 Pa. Superior Ct. 300.

In Brant v. Hartrick (No. 1), 60 Pa. Superior Ct. 507, 509, the court stated of a lumping charge:

"This statement of claim was held to be clearly defective because it did not adequately set forth the nature and kind of the work done nor when it was done. The claimant was a subcontractor and bound to strict compliance with the statute on which he relied for his lien. Such a defect is not formal merely but is substantial and cannot be cured by proof."

The law is clear that, after the expiration of the statutory period for filing a lien, substantial as distinguished from formal defects cannot be remedied by amendment. See McFarland v. Schultz et al., 168 Pa. 634; Singerly v. Cawley, 26 Pa. 248; Brant v. Hartrick (No. 1), 60 Pa. Superior Ct. 507; Sumption

v. Rogers (No. 1), 53 Pa. Superior Ct. 109; Lee v. Exeter Club, 9 Pa. Superior Ct. 581.

It is unnecessary to consider defendants' other objections.

*Order*

And now, October 2, 1951, it is adjudged that the lienor has failed to set forth a good cause of action under the Mechanic's Lien Law and defendants' demurrer to plaintiff's writ of scire facias sur mechanic's claim is sustained and judgment is entered for defendants.