## Fahnestock et al. *versus* Speer et al.

1. The proper mode of taking advantage of a defect appearing upon the face of a mechanic's claim is by demurrer, or motion to strike off. After pleading to the scire facias such defect must be considered as waived.

2. The first item of a claim was bad, and would have been stricken out on motion. No motion to strike out was made, but the defendant made it the subject of a special plea, which concluded to the court and was, in effect, a demurrer. The parties went to trial on the issue of fact, the court reserving the question raised by the issue of law, which they decided for plaintiff. *Held*, that this was error, and that the issue should have been determined in favor of defendant.

November 13th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1879, No. 166.

Scire facias sur mechanics' lien issued by John Speer and O. C. Morgan, partners as Speer & Morgan, against B. L. Fahnestock, owner, and A. J. Fair, contractor.

On the 6th of October 1876, Speer & Morgan, sub-contractors, filed their claim as partners against a house owned by Fahnestock, for the erection of which Fair was the contractor. The claim, which was expressed to be "for materials furnished and labor done," referred to "a bill of particulars of the amount of their said debt, showing the nature, kind and amount of materials furnished, and the respective prices charged by them for the same." The bill of particulars referred to was annexed to the claim, and was as follows:

[Fahnestock *v.* Speer.]

B. L. FAHNESTOCK.—Home, Wood Ave.

Pittsburgh, Oct. 4th 1876.

Mr. A. J. FAIR :

Bought of Speer & Morgan, dealers in stoves, tin, copper and sheet-iron ware, wooden and willow ware, Penn ave., East End, near station.

Nov. 28th 1875.—Gutters, spouting and roofing . . . $309.26

May 25th 1876.—Two feet galvanized pipe . . . .     .80

                                                  ————

                                                  $310.06

The defendants pleaded specially

1. That plaintiffs ought not to recover the amount of the first item of their claim, viz.: "Gutters, spouting and roofing, $309.26," for that their contract was made with the contractor, and yet their said claim does not set forth the nature or kind of work done, the kind and amount of materials furnished, nor the prices of work and material, as it ought. This plea concludes to the court.

2. The claim was not filed within the time required by law, and the items were not furnished continuously.

3. The special matter in their affidavit of defence, which, inter alia, "denies the item of eighty cents, under date 25th May 1876. Plaintiff's work was finished in November 1875, and said last-named item was not furnished continuously with the remainder of the work under the original contract, but if furnished at all, was the subject of an independent contract. And affiants believe that it was not furnished in good faith, but was furnished, if at all, for the mere purpose of attempting to galvanize into life a claim which, without said item, would be bad on its face as to time."

The jury found a "verdict for plaintiffs in the sum of $337.74, subject to the opinion of the court on the question of law reserved, to wit: Whether upon the pleadings, and under all the evidence, the plaintiffs are entitled to recover the amount of the first item of the claim on which their writ issued—*pro ut* said claim, filed at No. 36 of December Term, 1876, in this court, and entered in the mechanics' lien docket therein. If the court shall be of opinion that upon this point the law is with the plaintiffs, then judgment to be entered upon the verdict; but if the court shall decide that plaintiffs are not entitled to recover said amount, then they are to have judgment that only the residue of their claim be levied of the building described in the writ, and so much of the owner's land adjacent thereto, as may be necessary," &c.

On the question of law reserved the court, Collier, J., entered judgment for the plaintiffs.

The defendants took this writ, and alleged, inter alia, that the court erred in entering judgment for the plaintiffs' whole claim before the issues joined upon defendants' first and third pleas were tried.

[Fahnestock v. Speer.]

*Rodgers & Oliver*, for plaintiffs in error.—The first item in plaintiffs' bill of particulars would have been stricken out on motion: Shields v. Garrett, 5 W. N. C. 120; Rush v. Abel, 9 Norris 153; Lee v. Burke, 16 P. F. Smith 336; Russell v. Bell, 8 Wright 47; Rehrer v. Zeigler, 3 W. & S. 258; Whitman v. Walker, 9 Id. 183; Lehman v. Thomas, 5 Id. 262.

But it will be objected that we waived this defence by pleading to it instead of taking it by demurrer to the writ. A less certain and formal mode of allegation is properly allowed in these claims than is tolerated in declarations, or by the rules of the common law. It is much more convenient and conducive to precision and dispatch to have the defect insisted upon alleged concisely in the language of pleading and tried as a fact, by the production of the claim as the existence or legal import of a record is established. This course is justified by the practice of Allegheny county. We have set forth the defect formally and at length by a plea concluding to the court. See Lewis v. Morgan, 11 S. & R. 234; St. Clair Coal Co. v. Martz, 25 P. F. Smith 384; Howell v. Philadelphia, 2 Wright 471; Richabauch v. Dugan, 7 Barr 394. The truth is that no forms have been prescribed, and form has consequently been disregarded. Phillips, M. L., sec. 417. Formal objections at the trial are discountenanced on the ground of surprise, and also, perhaps to allow the claimant an opportunity to amend, though since Dearie v. Martin, 28 P. F. Smith 55, there is very little in the last reason. However, this may be, we were not in default. The exception was taken in our affidavit of defence the first moment of our appearance in court. In the present unsettled state of the practice, we submit that our plea should be treated as a demurrer. There is no *substantial* difference.

*Thomas C. Lazear*, for defendants in error.—The question as to the sufficiency of the claim can be raised on demurrer, or by moving to strike off the lien, but after pleading to the scire facias it must be considered as waived: St. Clair Coal Co. v. Martz, 25 P. F. Smith 384; Lee v. Burke, 16 Id. 336; McKelvy v. Jarvis, Halpin & Co., 6 Norris 414; Lybrandt v. Eberly, 12 Casey 347; Howell v. Philadelphia, 2 Wright 471; Lehman v. Thomas, 5 W. & S. 262. But in this case there was neither a demurrer nor motion to strike off. The first plea, though it concluded in a novel and informal way to the court, was not treated as a substitute for either, for the court was not asked to pass upon it, either before or at the trial, and the same matters averred in it were made the subject of a separate plea to the scire facias.

It was especially the duty of the plaintiff in error in this case to have had this formal objection to the lien disposed of in a proper way before trial, for, if either on demurrer or motion, the lien had been held to be defective, the expense and trouble of a trial as to

the other small item of eighty cents would probably have been deemed unnecessary.

Mr. Justice PAXSON delivered the opinion of the court, November 28th 1879.

The court below erred in entering judgment for the plaintiff, upon the point reserved for the full amount of his claim. There were but two items in the claim, the first under date of November 28th 1875, was for "gutters, spouting and roofing, $309.26 ;" the other, under date of May 25th 1876, was for "two feet of galvanized pipe, eighty cents." The claim was filed October 6th 1876, and but for the last item, would have been too late.

The first item is a lumping charge; and as the claim was filed by a sub-contractor against the owner and contractor, it was clearly bad and would have been stricken out on motion : Lee v. Burke, 16 P. F. Smith 336 ; Shields v. Garrett, 5 W. N. C. 120. No motion was made to strike it out, but the defendant made it the subject of a special plea. This plea concludes to the court, and is in effect a demurrer. It called upon the court to determine, as a matter of law, the sufficiency of the item objected to. It is well settled, that the proper mode of taking advantage of a defect appearing upon the face of the claim, is by demurrer or motion to strike off. After pleading to the scire facias, such defect must be considered as waived : Lee v. Burke, supra ; St. Clair Coal Co. v. Martz, 25 P. F. Smith 384. Here the demurrer was filed in time. The parties went to trial upon the issue of fact, the court reserving the point raised by the issue of law. It is plain under the authorities, that this should have been determined in favor of the defendant.

The other item, of eighty cents, has a suspicious appearance, in view of the fact that without it, the lien was several months too late. It was fairly submitted to the jury, however, and there is nothing in the rulings of the learned judge, or in the points reserved, that would justify us in reversing this part of the case.

> The judgment is reversed as to the first item in the claim, and judgment for the defendant on the reserved point as to said item.