Peter Bernheisel *v.* Simon Smothers et al., Trustees of the African M. E. Church, Owners, and John H. Early, Contractor, Appellants.

*Contract—Evidence—Question for jury.*

A case is properly for the jury where the issue turns on the existence of a verbal contract for per diem compensation for services as a supervising architect, although the witnesses for the defendants were more numerous than those for the plaintiff. There was incidental, corroborative evidence in favor of plaintiff, and it was possible for the jury to determine with absolute certainty, if they believed the plaintiff, the number of days he was employed and for which he was entitled to compensation if the contract was found to exist.

*Mechanic's claim—Evidence—Province of the court.*

A mechanic's claim is not evidence, but it is not error for the trial judge, while refusing to let the claim go out with the jury, to state the total amount claimed by plaintiff adding, " You will have to determine whether it is all due and, if not, how much is due."

*Mechanic's claim—Formal objections to face of claim—Waiver by trial.*

If the subject-matter of a mechanic's claim is apparently within the statutes, other objections to the face of the claim must be made either by motion to strike off or by demurrer to the scire facias.

After a trial on the merits defects of form must be taken as waived.

Argued March 9, 1897. Appeal, No. 44, March T., 1897, by defendants, from judgment of C. P. Dauphin Co., March T., 1896, No. 176, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Sci. fa. sur mechanic's lien. Before McPHERSON, J.

It appeared from the record and the evidence that this proceeding arose on a scire facias sur mechanic's lien to recover the balance of $1,325.32, claimed to be due by the plaintiff for services as architect in connection with the erection of a church building, the property of the defendants.

In the bill of particulars, attached to the lien, the first item charged was the sum of $500 " for architectural services, as per agreement," the remaining items in the account were for superintendence as per alleged verbal agreement. Defendants pleaded non assumpsit.

114      BERNHEISEL *v.* SMOTHERS.

Statement of Facts—Opinion of Court below.   [5 Pa. Superior Ct.

It was admitted at the trial that the first item of $500 was correct, but there was general denial as to the alleged verbal agreement as to the per diem services. The evidence on this question was conflicting, and the trial judge, McPHERSON, J., reserved the question whether there was any evidence to go to the jury in support of the plaintiff's claim.

The jury found a verdict in favor of the plaintiff for the sum of $800, without interest. A motion for judgment notwithstanding the verdict, and also a motion for a new trial were made, and the motion for judgment notwithstanding the verdict was denied, and the motion for a new trial overruled in an opinion as follows:

The question reserved at the trial: " Whether there is any evidence to go to the jury in support of the plaintiff's claim " —enables the court to consider now the defendant's objections to the contents of the claim. In brief, their objection is that the statement is fatally defective and will not authorize a judgment upon the verdict. To uphold this proposition several reasons are given; one of them being, that the claim is made by an architect, but does not show that the work done was of the kind for which a lien may be filed. This reason is founded upon a mistake of fact; the larger part of the claim is made up of charges for superintendence, and it has been expressly decided that superintendence will entitle an architect to file a lien, not only for that particular work but also for the labor of preparing the plans and specifications which he carries into execution: Bank v. Gries, 35 Pa. 423; Coal Co. v. Martz, 75 Pa. 384; Price v. Kirk, 90 Pa. 47; Rush v. Able, 90 Pa. 153.

Other reasons are as follows—that the claim does not set forth the name of the contractor correctly and legally; that it omits to state the nature and value of the work done; and that, although it is based upon a contract partly written and partly oral nevertheless it fails to set out the written contract in full and the substance of the oral contract. To these reasons it is sufficient to reply, that whatever weight they might have had if they had been urged at the proper stage of the proceeding, they cannot be allowed to prevail now, because they were raised for the first time at the trial of the issues of fact. A claim must show upon its face that the work done is such as enjoys the

statutory privilege of a lien; unless this appears the claim is void, and no doubt the absence of any jurisdictional averment (if that word may be used) might be taken advantage of at the trial. But if the subject-matter of the claim is apparently within the statutes, the decisions seem to be clear that other objections to the face of the claim must be made either by motion to strike off or by demurrer to the scire facias. They are too late, if delayed until the trial of the issue. There is some variance in the cases, but the rule as stated will be found in Lee v. Burke, 66 Pa. 336, Coal Co. v. Martz, 75 Pa. 384, McKelvey v. Jarvis, 87 Pa. 414, Fahnestock v. Speer, 92 Pa. 146, School v. Gerhab, 93 Pa. 346, and Klinefelter v. Baum, 172 Pa. 652. The plea in the case before us is nonassumpsit, and this joins issue simply of facts; while the objections now urged raise questions of law suggested by the face of the claim itself, and for these objections the proper time has passed.

No injustice is done to a defendant by this rule of procedure, for at the trial the plaintiff must always make out his right to a lien by affirmative evidence, whether his statement of claim is defective or complete; and he cannot have a verdict unless the proof satisfies every requirement of the acts. If, therefore, his case is defective in substance, he is exposed to successful attack at the trial, no matter how regular in form his claim may be; but he would have just reason to complain if the defendant should be given this complete protection on the merits, and (when this fails) should still be allowed to pick flaws in the formal statement of the plaintiff's case. The present controversy illustrates the unfair advantage which the defendant would possess. At the trial of this issue the plaintiff satisfied the jury by affirmative evidence that he had a contract with defendants; that his version of its terms was the correct version; that he performed the service of preparing the plans and specifications and also of superintending their execution; that the work was done upon the building, and that a balance remained due and unpaid. After these substantial matters had been decided in his favor by the verdict, the court is asked to say that he cannot recover because he failed to set them out with sufficient formality and completeness in his statement of claim. Clearly this would be unfair. After a trial on the merits defects of form must be taken as waived.

The motion for judgment, notwithstanding the verdict, is denied.

We have read and considered carefully the notes of trial, and are of opinion that the second motion also must be refused. The testimony concerning the contract was in hopeless conflict, and it was not easy to determine which version was correct. It is true that the witnesses for the defendants were more numerous than for the plaintiff, but the value of their testimony was necessarily impaired by the significant fact that if (as they agreed in testifying) the contract had never been changed, the defendants had paid to the plaintiff two or three hundred dollars more than they were bound to pay; whereas if the contract was as the plaintiff declared it to be, these payments were natural and proper. Evidently the undisputed testimony concerning these overpayments had much to do with the verdict; and we cannot say that the weight of the evidence is against the finding.

Another reason urged is, that the verdict was "a compromise verdict;" but this can only mean that the jury did not allow the plaintiff the whole of his claim—a fault of which the defendants at least can hardly complain. But the reduction is not surprising; the plaintiff's testimony lacked precision and detail concerning the service he had rendered, and we regard the reduction made by the jury as entirely proper.

It was also urged that the court erred in its charge by stating to the jury the lump sum claimed by the plaintiff. It is not quite clear what this objection is intended to mean; for the court certainly did not say or imply that this sum was anything more than a mere claim. The language complained of was used in this connection: The plaintiff offered to send out with the jury his statement of the claim; we refused permission, giving as a reason that the statement was not competent evidence, and adding that, as there had been "no detailed proof given with regard to the number of days served by the plaintiff in any particular month or any particular year," his claim having simply been presented in a lump sum, the court would state what that sum was, so that the jury might know how much the plaintiff was claiming. The court then said distinctly: "You will have to determine whether it is all due, and if not, how much of it is due. He claims about $1,325. After allowing all the cred-

its which ought to be allowed, you will have to decide how much of that, if any, is due; and upon whatever sum is due interest ought to be included from some time about the spring of 1894." No specific error was pointed out by counsel, and we are unable to see in what respect this instruction was wrong. The motion for a new trial is overruled.

The prothonotary will enter judgment on the verdict upon payment of the jury fee. An exception is sealed for the defendants to the order overruling the motion for judgment notwithstanding the verdict.

*Errors assigned* were (1) in the general charge as follows: "The statement of claim that is filed in this case we do not think ought to be sent out. It is not proof in the case, and as there has been no detailed proof given with regard to the number of days served by the plaintiff in any particular month or any particular year, as his claim has simply been presented to you in a lump sum, I will state what that sum is, and you will have to determine whether it is all due, and if not how much of it is due. He claims about $1,325. After allowing all the credits which ought to be allowed you will have to decide how much of that, if any, is due, and upon whatever sum is due interest ought to be included from some time about the spring of 1894." (2) In directing the prothonotary to enter judgment in favor of the plaintiff. (3) In not directing judgment to be entered in favor of the defendant non obstante veredicto.

*Benjamin M. Nead* and *Jas. A. Stranahan,* with them *W. Justin Carter,* for appellants.—The instructions of the trial judge were confusing, if not misleading, to the jury. The lien itself was not proof and could not be received in evidence. There was in fact no evidence except that of the lump sum due as claimed by the plaintiff : Deposit Co. v. Steel Co., 176 Pa. 536.

The lien was incurably and fatally defective : first, it does not set forth the name of the contractor correctly and legally as required by the 12th section of the Act of June 13, 1836, P. L. 696: McCay's Appeal, 37 Pa. 125.

Being the claim of an architect it does not show work done for which the statute gives a lien : Rush v. Able, 90 Pa. 153; Price v. Kirk, 90 Pa. 47.

A mechanic's lien which omits to state the nature and value of the work done and the amount of material furnished is incurably defective : Singerly v. Cawley, 26 Pa. 248.

Being work claimed to have been done under a partly written and partly verbal contract, it fails to set forth the written contract in full and the substance of the verbal contract: Ramsey v. Greenwood, 1 Del. Co. Rep. 308.

*C. H. Bergner*, with him *Weiss & Gilbert*, for appellee.—The plaintiff's claim was not alone for architect's services, but principally for work done about the erection of the building as superintendent of construction: Bank v. Gries, 35 Pa. 423; Rush v. Able, 90 Pa. 153.

The setting forth of the contract is required when the contract is for the entire work of construction and no itemized bill is filed: O'Brien v. Logan, 9 Pa. 97; Young v. Lyman, 9 Pa. 449.

OPINION BY RICE, P. J., July 23, 1897 :

Whether or not there was an oral contract whereby the plaintiff was to receive a per diem compensation for services to be rendered beyond and outside the services stipulated for in his written contract was a question of fact. There was testimony on both sides, and, although, as the learned trial judge well says, the witnesses for the defendants were more numerous than those for the plaintiff, the value of their testimony was necessarily impaired by the significant fact, that, if (as they agreed in testifying) there was no such additional contract, the defendants had paid to the plaintiff two or three hundred dollars more than they were bound to pay; whereas if the contract was as the plaintiff declared it to be, these payments were natural and proper. It is not our province, however, to determine on which side of the scale the evidence preponderates; it is sufficient for us to know that there was ample evidence to warrant the submission of the question of fact to the jury, and that it was fairly submitted. The verdict of the jury having established the fact that there was such a contract, was there sufficient proof of the items of the plaintiff's claim to warrant a recovery in his favor? It is needless to say that a mechanic's claim is a claim only, and its averments prove nothing on the trial. But the claim appears

not to have been offered or admitted for any such purpose. True the plaintiff did not specify in his testimony each day that he was present superintending the work, yet he did testify as to the nature of the services rendered by him, and that he was present, either personally or by his representative, superintending the work each day that it was in progress. He further testified without objection that the total amount of his claim was $2,270. This by his testimony was made up of the sum of $500 stipulated to be paid him for drawing plans and architectural supervision by the written contract, and the balance was for services rendered by him under the oral contract, at the stipulated rate per diem for each day that the work was in progress. There was no controversy as to the time when the work was begun or when the building was completed. Now, while it would not be possible to ascertain from the testimony the specific days of each month and year on which he was employed for the defendants, yet it was possible for the jury to determine with absolute certainty, if they believed the plaintiff, the number of days between the beginning and the completion of the work that he was so employed. If the defendants desired more detailed evidence of the particular dates they should have insisted upon it while the trial was in progress. Owing to the contest over the main question of fact both parties seem, to some extent, to have lost sight of this matter; but there was sufficient evidence to go to the jury, and the defendants have no reason to complain that they did not allow the plaintiff for the full number of days claimed. We fail to see in what respect the instruction complained of in the first specification of error was either confusing or misleading. It seems to us to have been well adapted to the case as it was presented by the testimony.

The question raised by the second and third assignments of error were fully and ably discussed, and correctly decided by the learned trial judge in overruling the motion for judgment non obstante veredicto. It would be idle for us to attempt to add anything, and for the reasons given in his opinion these assignments are overruled.

The judgment is affirmed.