## Green, Appellant, v. Worth Brothers Company & Philadelphia & Reading Railway Company.

*Practice, C. P.—Amendment—Parties—Joint tort feasors.*

Where a judgment is entered for defendants on a demurrer to a statement in trespass on the ground that the acts complained of were not joint acts, the judgment is final and ends the case, and thereafter the court has no authority to allow an amendment of the record by striking therefrom the name of one of the parties.

Argued Feb. 9, 1909. Appeal, No. 301, Jan. T., 1908, by plaintiffs, from judgment of C. P. Chester Co., Oct. T., 1907, No. 34, for defendants on demurrer in case of John I. Green, by his next friend and mother, Mary E. Green, and Mary E. Green in her own right, v. Worth Brothers Company and Philadelphia & Reading Railway Company. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Demurrer to statement in trespass.   .

BUTLER, J., filed the following opinion:
The plaintiff's statement having been demurred to on the ground that the acts complained of were not joint acts of the defendants, and the plaintiff having joined issue on the demurrer, judgment was directed and entered for the defendants on March 16, last. On the third of this month the plaintiff entered this rule to show cause why the record should not be amended

by striking out the name of Worth Brothers Company as code-fendant and plaintiff be permitted to file an amended statement and proceed with the suit against the Philadelphia & Reading Railway Company. The amendment sought would no doubt have been allowed had it been asked for in advance of the entry of judgment against the plaintiff on the demurrer. Manifestly the entry of judgment against the plaintiff on the demurrer is a final adjudication that he cannot recover and is an end of the pending suit. This would seem to be entirely clear on principle and is abundantly shown by the following authorities presented by counsel for defendants: 1 Troubat & Haly's Practice, p. 492, citing 2 Arch. Pr. 231, and Conrad v. Ins. Co., 26 U. S. 386, 443; Wood & Anderson, 25 Pa. 407; Burk v. Huber, 2 Watts, 306; Stephens v. Myers, 12 Pa. 302. This suit being determined, decided and at an end, there is nothing to amend.

The rule to amend is dismissed.

*Error assigned* was the judgment of the court.

*Goodman & Mitchell* and *Granville L. Rettew,* for appellants.

*G. G. Cornwell,* of *Cornwell & Cornwell,* with him *A. P. Reid,* for appellees.

PER CURIAM, March 1, 1909:
The order discharging the rule to show cause why the record should not be amended is affirmed on the opinion of the learned judge of the common pleas.