## Downingtown Iron Works, Inc., v. Mount Joy Magnesia Co.

*Sci. fa. sur mechanic's lien—Practice Act of May 14, 1915.*

Actions of *scire facias sur* mechanics' liens are not within the Practice Act of May 14, 1915, P. L. 483, and in such case an affidavit of defence raising a question of law as to alleged defects in the lien under section 20 of said act will be stricken off.

Affidavit of defence raising question of law.   C. P. Lancaster Co., April T., 1921, No. 31.

*John E. Malone*, for plaintiff; *John A. Coyle*, for defendant.

LANDIS, P. J., March 25, 1922.—This case came before us on a rule to show cause why the mechanic's lien should not be stricken off, and on Jan. 14, 1922, we handed down an opinion discharging the rule.   The same questions then raised are now before us on what is denominated as an affidavit of defence raising a question of law.   Whether this is proper practice and whether we should again review the same propositions are the matters to be considered.

That actions of *scire facias* sur mechanics' liens are not within the Practice Act of May 14, 1915, P. L. 483, is apparent.   Pleadings as to them are not abolished.   In section 20 of the Act of 1915, "the defendant in the affidavit of defence may raise any question of law without answering the averments of fact in the statement," but I know of no other instance in this State in which such a practice prevails.   The learned counsel asserts that Judge Mitchell, in Wharton et al. *v.* Real Estate Investment Co., 180 Pa. 168, so declared.   In this regard he is in error.   What the learned judge did say was: "His remedy against defective liens is by demurrer or motion to strike off, and on the hearing of such motion, if the lien is not self-sustaining, it must be stricken off: Fahnestock *v.* Speer, 92 Pa. 146; Klinefelter *v.* Baum, 172 Pa. 652."

In this case the defendant did not see fit to demur to the lien.   If he had done so he would have taken the chance of a final judgment if the demurrer had been overruled.   He did, however, move to strike off the lien, and his rule, on hearing, was discharged.   I do not think that he has the right to pursue both remedies, and he certainly has no right to file an affidavit of defence to be treated as a demurrer without its penalties.   Whether an appeal lies from our decision discharging the rule is not for us to determine.

In Fahnestock *v.* Speer, 92 Pa. 146, it was held that "the proper mode of taking advantage of a defect appearing upon the face of a mechanic's claim is by demurrer or motion to strike off.   After pleading to the *scire facias*, such defect must be considered as waived."   In Klinefelter *v.* Baum, 172 Pa. 652, it was said by Mr. Justice Fell that "the formal validity of a mechanic's lien is not put in issue by the plea of payment, and that no issue for the jury could be raised on the formal deficiencies of the claim, as they were questions of law and should be raised by demurrer or by motion to strike off the claim."

It is true that, under the Act of June 4, 1901, P. L. 431, an affidavit of defence may be required to be filed, and after it is filed the defendant by rule may require the plaintiff to reply.   After the replication is filed the defendant may ask for judgment on the whole record.   This case is, however, not in that situation at the present time.

For these reasons this affidavit of defence as filed is stricken off.   Affidavit of defence stricken off.

From George Ross Eshleman, Lancaster, Pa.