## Keefer v. Lancaster Intelligencer and News-Journal. No. 2.

*Libel—Demurrer—Effect of demurrer—Judgment for plaintiff on demur-
rer—Rule to open—Power of court over judgments—Amendment.*

1. A court has control over its own judgments, and it may open them or set
them aside if the justice of the case so demands; but this is only done on appeal
to the sound discretion of the court and is by grace and not by right.

2. The court has power to open a judgment entered for plaintiff on a demurrer
in an action for libel.

3. Except in cases under the Practice Act of May 14, 1915, P. L. 483, or in
equity, a demurrer admits the facts and leads to a judgment *quod recuperet* and not
*respondeat ouster.*

4. In this case the court opened a judgment entered for the plaintiff on a
demurrer in an action for libel, on the allegation of the defendant's counsel that
the demurrer had been filed under a misapprehension of the law as to its effect,
where, otherwise, the next step before an appeal could have been taken, would
have been a writ of inquiry under common law practice to determine the amount
of damages due the plaintiff.

Rule to show cause why judgment should not be opened. C. P. Lancaster
Co., Nov. T., 1922, No. 75.

*James Hale Steinman, Charles L. Miller* and *Henry C. Niles,* for rule.
*S. R. Zimmerman* and *John A. Coyle,* contra.

LANDIS, P. J., Jan. 17, 1925.—If the counsel for defendants rest their case
upon the ground that the judgment on the demurrer was improperly entered,
then there is no use to dwell at any length upon their application. That
question was duly considered and passed upon, and their remedy for any
mistake which they are of opinion we have made is not to us, but to an
appellate court. If the practice would be established that, after full argu-
ment of the question at issue and a decision of it, any party could again be
heard, there would be no end to the litigation; for, having taken their chances,
the way would always be open to try again. I do not, however, understand
this position to be now insisted upon.

I have, however, no doubt as to the correctness of the conclusion arrived at
by us. Except in equity cases or under the Practice Act of 1915, I know of
no cases under the common law which decide that, if a demurrer be filed and it
is determined that the statement is sufficient in law, a judgment of *respondeat*

DISTRICT AND COUNTY REPORTS. 477

Keefer v. Lancaster Intelligencer and News-Journal. No. 2.

ouster and not quod recuperet shall be entered. In Fidelity Insur., Trust and Safe Deposit Co. v. Second Phœnix Building and Loan Ass'n, 17 Pa. Superior Ct. 270, where the demurrer was overruled and judgment entered in favor of the plaintiff, it was said: "The defendants were fully acquainted with all the facts at the time they were confronted with plaintiff's statement, and if they desired to traverse the allegations of plaintiff, they were then at liberty to do so. They elected to demur and thus avoided filing an affidavit of defence. Having taken their chances with the court, with results not altogether satisfactory, they subsequently concluded that they would like to try their fortunes with a jury, and, alleging a defence upon the merits, asked to have the judgment opened. There was no abuse of discretion in the refusal of the court below to open judgment." In Evans v. Tibbins, 2 Gr. 451, which was an action of slander, a general demurrer was filed to the statement, and, as the court found that some of the counts were sufficient in law, a judgment was entered for the plaintiffs. It is not our province to disregard the opinions of the appellate court. If the Supreme Court conclude to adopt another rule, that is their business; but, until they do so, we will endeavor to follow their decisions as we understand them.

The questions which really now arise are: Whether we have power to open up this judgment, and, if we have, whether we ought to do so?

Generally speaking, the court has control over its own judgments, and it may open them or set them aside if the justice of the case so demands. But this is only done on appeal to the sound discretion of the court, and is by grace and not by right. In Green v. Worth Bros., 223 Pa. 604, where the court sustained the demurrer and entered judgment for the defendant, an application to open the judgment was refused, and this action was sustained on appeal. But in Burk v. Huber, 2 W. 306, Gibson, C. J., said: "I know of no case of amendment at common law after final judgment on demurrer; but I know of no inflexible rule which forbids it to be allowed at any time during the term. A court cannot be too liberal of its indulgence before the trial, or too strict in its construction of our statute, which authorizes amendments after the jury are sworn. No one appreciates more highly than I do that extreme accuracy in pleading which nothing but a compulsory observance of precedents and forms of practice can produce; but I am unable to conceive why a party should be concluded by a variance, when the declaration or plea may be made to conform to the truth of the case without delay or injury to any one. Instead of encouraging laxity and negligence, amendments conduce essentially to certainty and precision; specially with us, who, for want of a class of the profession to attend to the pleadings, are untrained to accuracy in the first instance. . . . Unless for strong reasons to the contrary, I would say that an amendment on demurrer ought to be allowed, as long as the record remains in the breast of the court; for to say that the proceedings cease to be in fieri when judgment is signed is to offer an objection more artificial than solid, and one which the court is competent to obviate in an instant, by ordering the judgment to be struck out. That would, I admit, be a step in advance of any that has yet been taken; but instances are not wanting of leave to amend after the delivery of the court's opinion in favor of the demurrant, which with us is substantially the same thing. . . . There is certainly nothing peculiar in a judgment on demurrer; nor do I see any reason for a difference, whether the amendment is to sustain or to overthrow the judgment, provided it be indispensable to justice."

Of course, in this case, the application is not to amend the pleadings, but it is a request to open the judgment, so that pleas may be entered, and, there-

fore, it is practically the same thing. I think that this can legally be done, even after judgment on demurrer has been entered.

Ought we, then, to exercise our grace by so doing? It is certain that the defendants have no legal right to demand such action of the court, and that it must be solely on the ground of favor to prevent the possibility of injustice. There is a class of newspapers which, to accomplish political results, seem to be disregardful of the rights of individuals. No one ought to prevent the press from exposing public wrongs, but when employees, for ulterior purposes, whether they be political or sensational, make unfounded charges against a private citizen, it is right that they and their superiors should be made to respond in damages in a court of justice. Nor is it entirely justifiable that, after raising legal technicalities to save themselves from answering on the merit of the case, they should be given a second chance, in the hope that a partisan jury, or some partisan on a jury, will protect them from the consequences to him whom they have wronged. This case seems to me to be somewhat of this class, for up to this time it has not been intimated that the publication in the defendants' newspapers was true and that the plaintiff was guilty of wrongdoing.

In Logan v. Jennings, 4 R. 355, it was held that "where the action sounds in damages, judgment for the plaintiff on demurrer is interlocutory, and it is necessary, before final judgment, that damages should be assessed by a jury. Until final judgment, a writ of error does not lie." Therefore, no appeal from our decision can be taken by the defendants, as the record now stands, until damages are assessed, and if the present judgment in favor of the plaintiff shall remain, this must be done by a writ of inquiry. Rule XX, section 4, of our Rules of the Common Pleas Court, provides that "in all cases founded on contract and sounding in damages, where the defendant does not object, the prothonotary shall liquidate the damages and enter judgment for the same; but if the defendant objects, or if the action be founded on a tort, the damages shall be ascertained by a writ of inquiry." The practice of determining the amount of damages in such cases in England seems to have been fairly well settled and defined. Ordinarily, in the execution of the writ, the sheriff sat as a judge and tried by a jury the question, and ascertained the damages which the plaintiff had sustained, subject to nearly the same law and conditions as a trial by jury at *nisi prius*. The jury consisted of twelve men summoned by the sheriff for this particular purpose. In this country, however, the practice differs in the different jurisdictions, and in some of the states it is regulated by statute. No special form is, however, provided in Pennsylvania, and I take it that we would here be regulated by the practice of the common law. In Watkins v. Phillips, 2 Wh. 209, it was said: "A writ of inquiry is a mere inquest of officers, to inform the conscience of the court, who, if they please, may themselves assess the damages (1 Tidd, 513)," and that "if either party is dissatisfied with the assessment of damages, the error may be corrected by appeal to the court." Such juries are, however, not taken out of the general panel, and, if picked up in a haphazard manner, there is a possibility of inconvenience and injustice being done to the defendants. Then, too, counsel fairly admit that their misapprehension of the law has brought about their present hardships.

I have, therefore, concluded that we will relieve their situation by opening the judgment, on condition that they withdraw their demurrer and enter general pleas. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.

NOTE.—See Keefer v. The Lancaster Intelligencer and News Journal, 6 D. & C. 73.