Favo, Appellant, *v.* Merlot et al.

Argued April 25, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Fred Shoemaker,* and with him *William F. Knoell,* for appellant.

*James A. Nugent,* for appellees.

Opinion by Gawthrop, J., July 12, 1928:

This is an appeal from an order of the court below striking off a mechanic's lien. Two questions are presented for consideration: (1) Had the plaintiff a right to file a mechanic's lien for any or all of the items claimed? (2) Did the court below err in striking off the lien after the scire facias had been issued? The following facts are set forth in the plaintiff's statement, of which the lien is made a part: The defendants, Joseph Merlot and Christine Merlot, were the owners of a piece of land. They made a contract with Joseph Ashor as general contractor for the construction of a building thereon. Ashor and the Merlots made a contract with W. H. Slifer to do the excavating. Slifer entered into a contract with the plaintiff, evidenced by an offer and acceptance in writing, whereby the latter was to haul all dirt from the excavation of the cellar at the rate of $3 per hour for each

truck used by him, to be paid each Saturday. This agreement was ratified and confirmed by Ashor at or about the time it was executed and subsequently thereto by Joseph Merlot for himself and his wife. In addition to the above contract, Slifer and Ashor requested the plaintiff to furnish and deliver coal for the use of the steam shovel used by Slifer in doing the excavating, at the price of $4.75 per ton, which coal was delivered by the plaintiff accordingly. After the plaintiff had partly performed his contracts, he complained to Joseph Merlot that he had not been paid according to the terms thereof and expressed his intention to quit the job. Merlot, acting for himself and his wife, told the plaintiff that he would guarantee the payments on behalf of the owners if the plaintiff would carry out his agreements. The plaintiff performed his obligations under the contracts and received a check from Ashor for $300 and allowed a credit of $600 for the dirt which he hauled away, making a total credit of $900. Slifer also procured for the plaintiff from Ashor an order on Joseph Merlot for $1,000 on account of the balance of his claim. Merlot accepted the order and gave the plaintiff a receipt for the same, which stated that he would pay the plaintiff $1,000 out of the money due Ashor. The amount for which the lien was filed on January 9, 1926, is a balance of $1,471.94. On January 20, 1927, the plaintiff caused to be issued a scire facias upon the lien and filed a statement of claim against the owners "and W. H. Slifer for excavation and Joseph Ashor, general contractor for building, contractors," averring, inter alia, that the contract was a written contract between plaintiff and Slifer and a "subsequent verbal order and direction to furnish coal ...... at an agreed rate;" that Slifer agreed to pay the amounts due, and that the owners promised and guaranteed the payment of the same if not paid by Slifer. To this statement of claim the owners filed a plead-

ing which, although denominated by their counsel an affidavit of defense in nature of a demurrer, is in form and substance a demurrer to the plaintiff's statement, and is supported by an affidavit that "the foregoing demurrer is not filed for the purpose of delay." It set up that the defendants "demur to the whole of plaintiff's statement for the following reasons." Among the reasons stated were these: Plaintiff's claim is void and of no effect because he was neither a contractor nor a sub-contractor; he made his contract with a sub-contractor; and the coal sold to the sub-contractor is not a proper subject of a mechanic's lien. The court below held that Slifer was a sub-contractor, but that the plaintiff was not, and that as the latter furnished materials to, and did work for, a sub-contractor he had no right to file a mechanic's lien therefor. With this conclusion we fully concur.

It is well settled that the Act of June 4, 1901, P. L. 431, does not confer the right to file a mechanic's lien upon persons dealing with a sub-contractor: Cox v. Croft, 39 Pa. Superior Ct. 551. Such persons are not within the class to which the law has accorded the privilege of securing the price of labor rendered or material furnished by filing a lien against the property of one with whom such claimant never dealt. In this case the lien shows that Slifer was a sub-contractor of the owners. Plaintiff's contract with Slifer establishes beyond question his status as one who dealt with a sub-contractor. It is evident that the plaintiff filed his lien as a sub-contractor, because he served the notice of his intention to file it, which is required of sub-contractors. Under the most liberal construction of the statement of claim and the lien which is made a part thereof, the alleged ratification and approval of the plaintiff's contract with Slifer, by the contractor and the owners, did not change the relationship between the plaintiff and Slifer, did not make the plaintiff a contractor or a sub-contractor within the

meaning of the Act of 1901. The contract which the plaintiff made with Slifer was not made subject to the condition or stipulation that the owners would pay for the hauling of the dirt. There was no original undertaking by the owners to pay for this work. At most there was an agreement by them to pay for work already done and to be done under the original contract with Slifer, if the latter did not pay. Pierce B. & P. Mfg. Co. v. Rogers, 60 Pa. Superior Ct. 293, cited by counsel for appellant, does not sustain their contention that the status of the plaintiff was that of a contractor under the owners. In that case there was an original undertaking by the owners to pay the claimant for the material delivered. It is clearly distinguishable from the present case on that ground. As to the items in the lien representing charges for furnishing coal used by Slifer in doing the excavating, it is sufficient to state that as the coal was not material "reasonably necessary for and actually used" in the building or structure, it is not the subject of a lien and not within the letter or spirit of the statute: Hoffman Lumber Co. v. Gibson, 276 Pa. 79. It follows that the plaintiff had no right to file a lien for any of the items claimed.

The question remains whether it was error to enter an order striking off the lien. Section 23 of the Act of 1901 prescribes procedure by which the owner of property against which a mechanic's lien has been filed may have the validity of the lien determined by the court. It provides that the owner of the property "may file a petition to strike off the lien." But we are of opinion that the procedure by petition to strike off is not exclusive. Mr. Justice Paxson said in Fahnestock v. Speer, 92 Pa. 146, that it is well settled that the proper mode of taking advantage of a defect appearing upon the face of a mechanic's lien is by demurrer or motion to strike off, although after pleading to the scire facias such a defect must be consid-

ered as waived; but such defect may be made the subject of a special plea, which is in effect a demurrer. See also Bernheisel v. Smothers, 5 Pa. Superior Ct. 113; Wharton v. Investment Co., 180 Pa. 168; Klinefelter v. Baum, 172 Pa. 652; St. Clair Coal Co. v. Martz, 75 Pa. 384. It seems clear that under the practice sanctioned in the foregoing cases the defendants, owners of the land and structure attempted to be liened, were entitled to judgment upon the demurrer. The Practice Act of 1915, P. L. 483, only abolished demurrers in actions of assumpsit and trespass. But the order of the court below striking off the lien was not warranted. Therefore, it is reversed and judgment is now entered for the defendants on the demurrer. As such a judgment is a final adjudication that the plaintiff cannot recover and is an end of the pending suit (Green v. Worth Brothers Co., 223 Pa. 604), the defendants are entitled to their costs.