## Cook v. Jenkins et al.

*Mitinger & Mitinger* and *Clarence W. Beck*, for plaintiff.
*Joseph P. Sheridan*, for defendant.

WHITTEN, J., May 24, 1934.—On July 18, 1933, the plaintiff filed a mechanic's lien at the above number and term against a certain building and certain land appurtenant thereto, the owners or reputed owners thereof being the defendants above mentioned, Marshall L. Jenkins and Edna E. Jenkins.

On August 16th, proof of service of notice upon the defendants of the filing of the said mechanic's lien was filed in the office of the prothonotary.

On October 23d, the plaintiff issued a writ of sci. fa. sur mechanic's lien, which was returnable to the first Monday of November term 1933. The said writ was personally served upon the defendants according to law, by the Sheriff of Westmoreland County on October 30, 1933.

The defendants did not file an affidavit of defense.

On December 5th, the plaintiff caused judgment to be entered against the

defendants in the sum of $2,123.88, with interest, for want of an affidavit of defense.

On January 5, 1934, the defendants filed a motion to strike from the record the judgment at no. 473 November term 1933 and the mechanic's lien filed at no. 12,118, upon which judgment was obtained, for the reason that the mechanic's lien does not conform with the provisions of the Mechanic's Lien Act of June 4, 1901, P. L. 431.

From an examination of the mechanic's lien, it is apparent that the same is defective in that it does not comply with the provisions of that act, for the reason that the labor and materials were furnished for the construction of three separate buildings erected on a tract of land containing 18.497 acres, which is owned by the defendants, but the charge for the labor, as well as the charge for the material, is not separated. In other words, it does not appear what the cost of the labor and material furnished for the construction for each separate building was.

If the motion to strike off the said mechanic's lien had been filed prior to the entry of judgment on the writ of sci. fa. which was issued thereon, the court is of the opinion that the motion should have been granted.

"An owner has the right to have a claim, defective on its face, stricken off on motion and when a rule to strike off such claim is taken by an owner, depositions cannot be used by either side to show that the claim, though insufficient on its face, is in point of fact, valid or invalid": Mesta Machine Co. v. Dunbar Furnace Co., 250 Pa. 472. See also Johnson et al. v. Kusminsky et al., 287 Pa. 425; Favo v. Merlot et al., 94 Pa. Superior Ct. 90.

It is well-settled law in Pennsylvania that a motion to strike off a judgment must be based on irregularities appearing upon the face of the record.

In the case of O'Hara v. Baum, 82 Pa. 416, 420, Mr. Justice Sharswood said: "A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record".

The court has not authority to strike off a lien regular on its face for matters dehors the record: Hiestand v. Keath, 229 Pa. 149.

In the case before the court, a writ of sci. fa. sur mechanic's lien was issued and properly served upon the defendants. If the defendants had any defense to the lien, they had sufficient opportunity at that time to appear and make their defense. Over one month's time elapsed between the date of issuance of the sci. fa. and the entry of judgment by default. The defendants now attempt, by a motion to strike off, to defend as they could have defended in an affidavit of defense to the writ of sci. fa.

In Young et al. v. Peckman, 3 D. & C. 394, the defendants attempted to strike off a lien after judgment, upon a rule to show cause, on the grounds that the notice of intention to file was defective and that the claim was not properly itemized but for a lump sum. Shafer, P. J., said: "While this judgment remains on the record, no such proceeding as this has any place. The lien is merged in the judgment, and the judgment, while it stands, is conclusive of all matters necessary to the maintenance of the lien. The matters complained of . . . are . . . res adjudicata." This case is practically a parallel case to the one before the court at the present time. In Crane Co. v. Rogers (No. 1), 60 Pa. Superior Ct. 305, the court postponed the lien of a judgment entered on a mechanic's lien in favor of a mortgage on a proceeding under section 23 of the Mechanic's Lien Act, on the grounds that the lien did not specifically set forth the dates, etc., but in regard to the defendants who had been properly served with a sci. fa. and against whom judgment had been entered. The court stated (p. 310): "After a judgment is regularly entered on the lien,

as against an owner, who has been duly served with a scire facias, a defect such as this will be cured by the judgment. Josephine L. Kennedy was duly served by the scire facias and failed to take advantage of this defect by way of a defense, and thereby waived her right to object."

Certain questions which the defendants have attempted to raise are all questions of fact, which would necessarily have to be determined by a jury. These questions cannot properly be raised on a motion to strike off and, as specifically stated in the cases hereinbefore set forth, the defendants have waived their right to defend any such defects by their failure to file an affidavit of defense to the sci. fa.

A judgment obtained upon a mechanic's lien is conclusive against the owner: The Safe Deposit & Trust Co. of Pittsburgh, Trustee, v. Columbia Iron & Steel Co., 176 Pa. 536.

In the circumstances, the court is not required to decide—and does not decide—whether the averments contained in the defendants' motion to strike off the judgment and the mechanic's lien would constitute ground for opening the said judgment.

After careful consideration, the court is of the opinion that, in the circumstances, the defendants' motion to strike off the said judgment must be overruled.

### Decree

And now, May 24, 1934, after argument by counsel, and after careful consideration, it is ordered, adjudged, and decreed that the defendants' motion to strike from the record the judgment at no. 473 November term 1933 and the mechanic's lien upon which said judgment was obtained, viz., mechanic's lien no. 12,118, be and the same is hereby overruled; and the costs of this proceeding be paid by the defendants.

From William S. Rial, Greensburg, Pa.