## Shoemaker v. Zerby

*M. M. Smith*, for plaintiff.

*Mahady & Mahady*, for defendants.

BAUER, J., May 15, 1956.—This matter is before the court en banc on a demurrer to a scire facias sur mechanic's lien.

The claim is by a subcontractor and the notice of intention to file a mechanic's lien was served on defendants on March 16, 1954, at 2 p.m. The mechanic's lien was filed on April 15, 1954, at 1:30 p.m. The affidavit of service of the notice of the filing of the claim was filed on September 6, 1955, and shows that such notice was served on defendants on May 26, 1954.

" 'The right to file a mechanic's lien . . . is of statutory origin. . . . If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right' ": Samango v. Hobbs, 167 Pa. Superior Ct. 399, 403 (1950).

The claim is fatally defective for the reason that the notice of intent to file the claim was not served on defendants at least one month before filing the claim as required by the Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 8, as amended, 49 PS §101; Associated Lumber and Manufacturing Company, Inc., v. Mastroianni, 173 Pa. Superior Ct. 310, 98 A. 2d, 52 (1953). The court there stated, at page 313: "If a material requirement is omitted, the notice is of no effect and the claim subsequently filed must fall."

The claim is also fatally defective because notice of the filing of the claim was not served upon defendants within one month after the filing of the claim and the affidavit setting forth the fact and manner of such service was not filed within one month from the date of filing of the claim, both of which things are required by section 21 of said Act of 1901, as amended, April 5, 1917, P. L. 42, sec. 1, 49 PS §131. That section further states that: "A failure to serve such notice or post it, or have service accepted as herein provided, and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim." See Thompson v. Radell, 42 Pa. Superior Ct. 105.

The disputed question in this matter is whether or not advantage can be taken of these defects by a demurrer to the scire facias.

In support of plaintiffs' contention that a demurrer is not proper procedure, they cite the Act of May 22, 1933, P. L. 845, and four cases. One of these is Ash v. Krzywicki, 80 D. & C. 225, which holds that the Act of 1933 sets up a complete system of procedure to deal with writs of scire facias on mechanic's lien, and therefore, a demurrer is not proper procedure. The second case cited by plaintiffs is Hetz Constructors, Inc., v. Thatcher Glass Manufacturing Company, 38 Westmoreland 49, in which the same decision was reached

although the case was actually decided on other grounds.

Plaintiffs also cite two other lower court cases which apparently do not support plaintiffs' contention. These cases are Kempter v. Buckley, 40 Lack. Jur. 117, where the writ was quashed because the affidavit which is to accompany the praecipe for the writ of scire facias was not filed, and the case of Wells v. Paull, 33 Erie 194, where it was held that a petition to reduce the curtilage and a rule to show cause why a scire facias should not be sued out were held to act as a waiver of objections to formal defects in the lien.

The court is of the opinion that the cases holding that the Act of 1933, P. L. 845, eliminates a demurrer as a proper pleading do not properly reflect the law.

We now find that we were in error in the Hetz Constructors, Inc., v. Thatcher Glass Manufacturing Company, supra, and the Manderino v. Thomas cases when we said as a matter of law that a demurrer was not the proper practice in mechanic's liens since the Act of 1933, P. L. 845. The two following cases had not been called to our attention which we now believe to be controlling.

Cain v. Redlich, 310 Pa. 68, at 74: "Except where the mechanic's lien law specifically provides for the procedure to be followed, the practice in mechanic's lien law cases tends to assimilate with the practice in assumpsit cases. The general rules of practice like the general rules of evidence apply to mechanic's lien cases when not inconsistent with any provisions in the mechanic's lien law."

Hamilton v. Means, 155 Pa. Superior Ct. 245, at 250: "It is also true that the defects above mentioned could be raised by way of defense to a writ of scire facias on the claim. But an owner is not obliged to defend a scire facias, prepare an affidavit of defense and go to trial unless the claimant presents a claim,

which, on its face, including amendments, makes out a prima facie case for recovery."

This latter case was decided in 1944, 11 years after the said Act of 1933, P. L. 845.

Neither the Act of 1901, P. L. 431, as amended, nor the Act of 1933, P. L. 845, refers to a demurrer as a permissible procedure, but both refer to an affidavit of defense as a proper pleading. However, prior to the Act of 1933, the appellate courts definitely determined that the proper mode of taking advantage of a defect appearing on the face of a mechanic's lien is by demurrer or a motion to strike off: Favo v. Merlot, 94 Pa. Superior Ct. 90; Klinefelter v. Baum, 172 Pa. 652; Barrall v. Ruberry, 9 Luz. L. R. 285; Downingtown Iron Works, Inc., v. Mount Joy Magnesia Co., 2 D. & C. 378; Landis v. Wright, 39 Lanc. 105.

The procedure to raise the question of the validity of a claim for matters appearing on the record and questions of law is a demurrer according to 12 Standard Pa. Practice, §282, p. 185. The same conclusion was reached in Rossi Construction Company v. Bylawckas, 77 D. & C. 44, which was decided in 1951. In that case the court said that the act makes no reference to the method of attacking the sufficiency of plaintiffs' affidavit in support of his writ of scire facias and the court was of the opinion that the prior procedure continues in force, i.e., by a petition to strike off the lien or demurrer. The court held that a demurrer is not an alternative pleading to a judgment on the whole record as provided by the Act of 1933, and therefore, it was not excluded by the provision of the act for the latter pleading.

The Practice Act of 1915 has never been applied to mechanic's lien and pleading to a scire facias on the merits would constitute a waiver of any formal defects in or invalidity of the lien claim. See 12 Standard Pa. Practice, §284, p. 186; Favo v. Merlot, supra; Klinefelter v. Baum, supra; Wells v. Paull, supra.

Thus it appearing that a demurrer to the scire facias sur mechanic's lien is the proper procedure in this case, and it further appearing that the lien is fatally defective, the demurrer will be sustained, and judgment entered for defendants.

### Decree

And now, May 15, 1956, after argument, it is ordered, adjudged and decreed that the demurrer to the scire facias sur mechanic's lien at the above number and term is sustained, and judgment entered in favor of E. B. Zerby, alias dictus Edward Zerby, and Elizabeth Jane Zerby, his wife, and Modern Craft Products, Inc., and against Robert G. Shoemaker, David W. Shoemaker, Charles R. Shoemaker and Rosemary Riggle, partners, t. d. b. a. Shoemaker Lumber Company.